■ LEATRICE KOPERA et al., Appellants, v. FISHER SCIENTIFIC Co., Respondent.— In an action to recover damages for personal injury sustained by the plaintiff wife, and by her husband for loss of services, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered June 20, 1961 after trial, which: (a) at the close of the entire case, dismissed the first cause of action based upon alleged breach of warranty; and (b) upon the jury's verdict in the defendant's favor, dismissed the second and third causes of action based upon alleged negligence. Judgment affirmed, with costs. The accident was caused by the explosion of a fusion cup during the performance of a chemical test by the plaintiff wife for her then employer, to whom the fusion cup had been sold by the defendant several weeks before the accident. The first cause of action for breach of warranty was dismissed at the close of the evidence upon the ground that there was a lack of privity between plaintiffs and the defendant. The dismissal upon that ground was concededly erroneous (*Williams* v. *Union Carbide Corp.*, 17 A D 2d 661; see, also, *Goldberg* v. *Kollsman Instrument Corp.*, 12 N Y 2d 432, 436). However, reversal of the judgment is not necessarily required, since the jury could properly find (as it did by its verdict with respect to the negligence causes of action) either that the plaintiff wife was guilty of contributory negligence because she failed to follow the instructions issued for the use of the fusion cup and its assembly,

or that defendant was not guilty of negligence because the cup was not defective, or both. The only defect which plaintiffs claimed was the patent defect that the walls of the fusion cup were too thin. In our opinion, the evidence was insufficient to show that the cup was defective in that respect. The explosion took place before the application of heat to the chemical mixture. There was evidence as to the thickness of the walls of the fusion cup after the explosion. There was no evidence, however, that before the explosion the walls of the cup were too thin to withstand any pressure to which the cup might be subjected were the experiment performed in accordance with the instructions issued therefor. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.